**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| LUMUS CONSTRUCTION, INC., Plaintiff, v. ATLAS STEEL STRUCTURES, LLC, Defendant. | C.A. N[redacted] 05 158 ML |

## COMPLAINT

### Introduction

This is a diversity action arising out of two construction projects for the Department of the Navy in Newport, Rhode Island on which the plaintiff is the general contractor and the defendant was a subcontractor responsible for engineering, furnishing and erecting pre-engineered metal buildings.

### Jurisdiction and Venue

1. Pursuant to 28 U.S. §1332(a)(1) and (c)(1), jurisdiction lies in this court based upon diversity of citizenship between the parties in this action and the amount in controversy which exceeds $75,000.

2. Pursuant to 28 U.S. §1391(a), venue lies in this court because a substantial part of the events giving rise to the claims have occurred in this venue.

(1)

**Parties**

3. Plaintiff Lumus Construction, Inc. ("Lumus") is a Massachusetts corporation and maintains its principal place of business at 56 Cummings Park, Woburn, MA 01801-2124.

4. Defendant Atlas Steel Structures, LLC ("Atlas"), upon information and belief, is a Georgia limited liability company and maintains its principal place of business at 1000 Peachtree Industrial Blvd., Suite 6156, Suwanee, Georgia 30024.

**Factual Allegations**

Building 1246, Naval Undersea Warfare Center, Newport, Rhode Island.

5. On or about July 30, 2003, the U.S. Department of the Navy ("Navy") awarded Contract No. N62472-02-D-0046/0010 to Lumus, as general contractor, for the design and construction of a metal enclosure for a 288 c.f. high pressure air flask as an addition attached to the northwest end of Building 1246 located at the Naval Undersea Warfare Center in Newport, Rhode Island (the "Building 1246 Project"). The Navy issued Contract No. N62472-02-D-0046/0010 (the "Building 1246 Contract") to provide a watertight and temperature controlled space for equipment in support of the Advance Submarine Launch Facility located in Building 1246.

6. Thereafter, by written agreement dated September 29, 2003, Lumus entered into a subcontract with defendant Atlas to supply and erect the metal building for the Building 1246 Project with a subcontract price of $64,699.00.

7. Atlas' responsibilities for the Building 1246 Project included, *inter alia*, designing, furnishing and installing the building addition's structural steel and metal side

panels. The metal side panels include two radius panels located at either corner of the addition.

8. The Building 1246 Contract specifically incorporates by reference and makes a part thereof 48 C.F.R. §52.246-21, a one-year warranty which in pertinent part provides:

> (a) . . . the Contractor warrants . . . that work performed under this contract conforms to the contract requirements and is free of any defect in equipment, material, or design furnished, or workmanship performed by the Contractor or any subcontractor or supplier at any tier.
>
> (b) This warranty shall continue for a period of 1 year from the date of final acceptance of the work. . . .
>
> (c) The Contractor shall remedy at the Contractor's expense any failure to conform, or any defect. . . .

9. The subcontract between Lumus and Atlas incorporates by reference the aforesaid warranty provisions and Atlas is thereby bound by these provisions.

10. The Work on the Building 1246 Project was finally accepted by the Navy effective on September 7, 2004.

11. In January, 2005, less than one year after the Building 1246 Project was finally accepted by the Navy, one of the two radius panels at the corner of the building was displaced when it became detached and "popped out" at certain points where it was adhered to the metal structure. While this initial incident temporarily corrected by Lumus personnel, Lumus notified Atlas of the problem in writing and requested Atlas to take whatever action was necessary to determine the cause of the problem and possible corrective action to prevent a similar incident from happening.

12. Atlas failed to undertake responsive measures to the problem with the radius panel and, in March, 2005, the radius panel again detached and "popped out" at certain points where it was adhered to the metal structure. Ultimately, the radius panel could not be realigned and "popped" back into place due to extensive damage to the panel.

13. Lumus again duly notified Atlas in writing of the problem with the radius panel and, in accordance with Atlas' contractual warranty obligations, requested that Atlas remediate the problem.

14. Atlas has failed to respond to Lumus' requests even after Lumus warned Atlas that its continued failure to respond would result in Lumus' finding another contractor to perform the remediation work and pursue its legal remedies against Atlas.

15. Lumus has hired an independent engineer to analyze the problem with the radius panel and assess the deficiencies in Atlas' work. Upon information and belief, the defective radius panel is a result of a deficient design and/or defective installation, both of which are Atlas' responsibility under its subcontract.

16. Lumus is in the process of determining an appropriate remediation of the defective radius panel and estimates that the remediation will range between $25,000.00 and $50,000.00.

<u>Building 119, Naval Undersea Warfare Center, Newport, Rhode Island</u>.

17. On or about September 30, 2003, the Navy awarded Contract No. N62472-02-D-0046/0013 to Lumus, as general contractor, for the design and construction of a "High Bay" addition to Building 119 located at the Naval Undersea Warfare Center in Newport, Rhode Island (the "Building 119 Project"). In issuing

Contract No. N62472-02-D-0046/0013 (the "Building 119 Contract"), the Navy contracted with Lumus to design and install a 40 ft. x 100 ft. pre-engineered metal addition to the preexisting Building 119 used for research and development by the Navy in support of the Navy's Advance Submarine Launch Facility.

18. Thereafter, by written agreement dated October 16, 2003, Lumus entered into a subcontract with defendant Atlas to supply and erect the metal building for the Building 119 Project with a subcontract base price of $147,823.00. By written change orders, the subcontract price was adjusted upward to $194,634.00.

19. The Work on Building 119 Project is still ongoing and Atlas' subcontract work, including the installation overhead doors and snow/ice guards on the roof and the painting of the metal jambs, has not been completed.

20. Atlas has abandoned its remaining work on the Building 119 Project and, having failed to respond to Lumus' several written and verbal demands to return to the Project and complete its work, Lumus was forced to terminate Atlas' subcontract and is in the process of engaging a completing subcontractor to finish Atlas' contract work.

21. In addition, Atlas has failed to pay A & S Building Systems Division of NC, Building Systems, L.P. Inc. ("A & S"), the vendor which supplied Atlas with the pre-engineered steel building and related materials for the Building 119 Project.

22. Notwithstanding the written demands to Atlas to make payment of the outstanding balance shown on the A & S invoices to be $59,159.72 for the materials A & S supplied, Atlas has refused and/or ignored said demands and has failed to make payment.

23. As a consequence, A & S, through legal counsel, has filed a claim in the sum of $59,159.72 against the materials and labor payment bond that Lumus furnished for the Building 119 Project and has threatened to commence a Miller Act action in federal court if the claim is not paid.

24. Lumus has paid Atlas the sum of $160,187.00 under their subcontract, leaving an unpaid subcontract balance of $34,447.00.

25. Lumus has assessed backcharges against the account of Atlas for labor Lumus furnished to operate certain equipment, such as forklifts, to assist Atlas to perform its work.

26. Lumus estimates that Atlas' unpaid subcontract balance less the aforesaid backcharges approximately equals the cost to complete Atlas' incomplete contract work; however, there will be no contract monies remaining to cover the cost of the vendor's $59,159.72 claim asserted by A & S against Lumus' payment bond.

27. Lumus' indemnification obligations to its surety which furnished the payment bond will require Lumus to pay A & S on its bond claim directly or reimburse the surety any payments the surety makes to A & S on account of the claim.

COUNT I
(Breach of Contract – The Building 1246 Project)

28. Lumus repeats and realleges each and every allegation contained in paragraphs 1 through 16 of the Complaint as though set forth in full herein.

29. One of the two radius panels that Atlas was responsible for designing, furnishing and installing at the Building 1246 Project was defectively designed and/or installed and requires remediation.

30. Atlas entered into a binding contract which obligated Atlas, *inter alia,* to perform warranty work as required within one year from the date of final acceptance of the Project work.

31. The problems with the radius panel arose during the one-year warranty period covered by the contractual provisions to which Atlas is bound.

32. Atlas' refusal and/or failure to honor the warranty requirements and remediate the defective radius panel is a breach of its contract obligations.

33. As a consequence, Atlas is liable for the costs that Lumus will be forced to incur to remediate the defective radius panel.

COUNT II
(Breach of Contract – The Building 119 Project)

34. Lumus repeats and realleges each and every allegation contained in paragraphs 1 through 4 and 17 through 27 of the Complaint as though set forth in full herein.

35. Atlas' refusal to return to the Building 119 Project and complete its work and its failure to pay its vendor, A & S, constitute breaches of the contract requirements to which Atlas bound itself when it entered into the subcontract with Lumus for the Project.

36. As a result of Atlas' breaches of its contract obligations, Lumus will be forced to incur costs that will likely equal or exceed the $59,159.72 claim asserted by A & S, damages for which Atlas is liable to Lumus.

WHEREFORE, plaintiff Lumus Construction, Inc. demands that the Court enter judgment in favor of the plaintiff and against defendant Atlas Steel Structures, LLC:

1. Awarding contract damages in an amount determined by the Court to be proper;

2. Awarding costs, including plaintiff's reasonable attorneys' fees and expenses; and

3. Granting such other and further relief which the Court deems just, proper and equitable under the circumstances.

LUMUS CONSTRUCTION, INC.
By its attorneys,

Thomas W. Heald, # 1694
Roger N. LeBoeuf, # 5208
HEALD & LEBOEUF, LTD.
606 Old Colony House
58 Weybosset Street
Providence, RI 02903-2817
Tel: (401) 421-1500
Fax: (401) 331-5886

Dated: April 15, 2005

S:\LRL\Lumus Construction, Inc\Altlas Steel Structures\Pleadings\Complaint 4 7 05.doc